KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
My colleagues correctly note that Sherley v. Sebelius, 644 F.3d 388 (D.C.Cir.2011) (Sherley I), applied Chevron to uphold the National Institute of Health (NIH) Guidelines for Human Stem Cell Research, 74 Fed.Reg. 32,170 (July 7, 2009) (Guidelines). See Maj. Op. at 781. Although the law of the case prevents us from reconsidering that holding, I write separately for the record to point out that Chevron review is inapplicable to the Guidelines.
“Not every agency interpretation of a statute is appropriately analyzed under Chevron.” Ala. Educ. Ass’n v. Chao, 455 F.3d 386, 392-93 (D.C.Cir.2006). Chevron applies only “when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.’ ” United States v. Mead Corp., 533 U.S. 218, 226-27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). In short, we accord Chevron deference only when reviewing an agency’s “construction of a statutory scheme it is entrusted to administer.” Id. at 227-28, 121 S.Ct. 2164 (quoting Chevron, 467 U.S. at 844, 104 S.Ct. 2778) (emphasis added). “[W]hen an agency interprets a statute other than that which it has been entrusted to administer, its interpretation is not entitled to [Chevron] deference.” Dep’t of Treasury v. FLRA 837 F.2d 1163, 1167 (D.C.Cir.1988). NIH’s construction of the Dickey-Wicker Amendment falls outside the Chevron ambit because NIH was not charged with administering the Amendment, as is obvious from both its language and its substance.
First, the Amendment’s language makes clear its administration is not within the exclusive province of NIH or its parent agency, the Department of Health and Human Services. It has been enact *786 ed annually as a rider to an omnibus appropriations act, in a division governing “Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations.” Consolidated Appropriations Act of 2012, Pub.L. No. 112-74, div. F., § 508(a), 125 Stat. 786, 1112 (2011) (emphasis added); see also, e.g., Consolidated Appropriations Act of 2011, Pub.L. No. 111-117, div. D, § 509(a), 123 Stat. 3034, 3280-81 (2010) (same division title); Omnibus Appropriations Act of 2010, Pub.L. No. 111-8, § 509(a), div. F, 123 Stat. 524, 803 (2009) (same). Because each annual rider by its terms applies generally to multiple agencies, Chevron deference is not due any one agency’s interpretation of its language. See Proffitt v. FDIC, 200 F.3d 855, 860 (D.C.Cir.2000) (“When a statute is administered by more than one agency, a particular agency’s interpretation is not entitled to Chevron deference.”). In the past, we have “declined to defer to an agency’s interpretation of a statute when more than one agency is granted authority to interpret the same statute,” reasoning that “[i]n such cases, it cannot be said that Congress implicitly delegated to one agency authority to reconcile ambiguities or to fill gaps, because more than one agency will independently interpret the statute.” Salleh v. Christopher, 85 F.3d 689, 692 (D.C.Cir.1996) (citing, e.g., Rapaport v. U.S. Dep’t of Treasury, 59 F.3d 212, 216-17 (D.C.Cir.1995), cert. denied, 516 U.S. 1073, 116 S.Ct. 775, 133 L.Ed.2d 727 (1996); Benavides v. U.S. Bureau of Prisons, 995 F.2d 269, 272 n. 2 (D.C.Cir. 1993); Prof'l Reactor Operator Soc’y v. U.S. Nuclear Regulatory Comm’n, 939 F.2d 1047, 1051 (D.C.Cir.1991)). Sherley I therefore erred in applying Chevron to NIH’s interpretation.
Second, the Amendment, as a rider to a federal appropriations statute, is “not within [any agency’s] area of expertise” and therefore a particular agency’s interpretation thereof “receives no deference.” U.S. Dep’t of Navy v. FLRA 665 F.3d 1339, 1348 (D.C.Cir.2012); see, e.g., Ass’n of Civilian Technicians, Tony Kempenich Mem’l Ch. 21 v. FLRA 269 F.3d 1119, 1121 (D.C.Cir.2001) (court does not defer to FLRA’s “interpretation of the Department of Defense Appropriations Act, a statute not committed to the Authority’s administration” but “reviews such purely legal questions de novo”). Indeed the rider’s language reveals no express delegation of authority — implicit or explicit — to any agency to administer its provisions— which is unsurprising given that the rider itself confers no substantive authority on any agency to do anything; it simply — and plainly' — prohibits the Departments of Labor, Health and Human Services and Education, as well as “[r]elated [a]gencies,” from using the appropriated funds for the specifically enumerated purposes.
Because the Dickey-Wicker Amendment does not delegate administrative authority to the Department of Health and Human Services or to NIH, I believe that Sherley I incorrectly applied the Chevron framework. See 644 F.3d at 392 (D.C.Cir.2011) (“We approach this issue under the familiar two-step framework of Chevron....”). The court should instead have interpreted the statute de novo, according no deference to NIH’s interpretation.* See Ass’n of Civilian Technicians, 269 F.3d at 1121; *787 Proffitt, 200 F.3d at 860; see also Dep’t of Treasury, 837 F.2d at 1167 (“Because the FLRA’s refusal to award back pay did not rest on an interpretation of its organic statute, but rather on its reading of the Back Pay Act — a general statute — the FLRA’s interpretation is entitled to respect before this court, but we are not bound by its construction of the statute even if reasonable.”). Had we done so, I believe we would have invalidated the Guidelines as contrary to the Amendment’s plain and unambiguous text. See Sherley I, 644 F.3d at 400-02 (Henderson, J., dissenting) (Sherley I Dissent).
The Amendment prohibits federal funding of “research in which a human embryo or embryos are destroyed.” Pub.L. No. 112-74 § 508(a)(1). Contrary to the holding in Sherley I, this ban plainly prohibits federal funding that the Guidelines expressly permit — namely, the funding of human embryonic stem cell (hESC) research that is conducted after the destruction of the embryo. See 74 Fed.Reg. at 32,174. This conclusion is compelled by the dictionary definition of “research” as a “systematic inquiry or investigation,” which necessarily includes not only “the first sequence of hESC research [involving] the derivation of stem cells from the human embryo” but also “the succeeding sequences of hESC research.” Sherley I Dissent, 644 F.3d at 401. The Sherley I majority, however, ignored the Amendment’s plain meaning, manufacturing ambiguity where there was none. Sherley I Dissent, 644 F.3d at 399, 402-05. Nevertheless, Sherley Fs Chevron step-two analysis is the law of the case and we are bound thereby. See Maj. Op. at 780-83.

 Even so-called Skidmore deference is not available because it also applies only to an agency interpretation of a statute the agency administers. See United States v. Mead Corp., 533 U.S. at 228, 121 S.Ct. 2164 (under Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), "[t]he fair measure of deference to an agency administering its own statute has been understood to vary with circumstances, and courts have looked to the degree of the agency’s care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency’s position”) (footnotes omitted).